Hollensteiner v. The Boeing Company, et al.
DEFENDANTS' NOTICE OF REMOVAL

# EXHIBIT A

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) | |
| | ) | CIVIL ACTION COVERSHEET |
| KURT HOLLENSTEINER | ) | |
| Plaintiff(s) | ) | 2019-CP - _10_ - _2697_ |
| vs. | ) | |
| THE BOEING COMPANY | ) | |
| Defendant(s) | ) | |

**Submitted By:** Bonnie Travaglio Hunt
**Address:** Post Office Box 1845, Goose Creek SC 29445

| SC Bar #: | 012341 |
|---|---|
| Telephone #: | 843-553-8709 |
| Fax #: | |
| Other: | |
| E-mail: | bthunt@huntlawllc.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. This form is NOT required to be filed in E-Filed Cases.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☒ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Incapacitated Adult Settlement (790) | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | ☐ Other (799) _____ | |
| ☐ Permanent Restraining Order (680) | | | |
| ☐ Interpleader (690) | | | |

**Submitting Party Signature:** _[signature]_    **Date:** May 15, 2019

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (02/2018)                                    Page 1 of 2

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF CHARLESTON ) | C.A. No: 2019-CP-10-2697 |
| ) | |
| KURT HOLLENSTEINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | SUMMONS |
| ) | (JURY TRIAL REQUESTED) |
| THE BOEING COMPANY, ) | |
| JAY MCARTHUR, and ) | |
| JOHN WILSON, ) | |
| ) | |
| Defendant. ) | |

FILED 2019 MAY 22 AM 8:34 JULIE J. ARMSTRONG CLERK OF COURT

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action a copy of which is hereby served upon you, and to serve a copy of your Answer to the Complaint on the subscriber at his office at 4000 Faber Place Drive, Suite 300, North Charleston, SC 29405 within thirty (30) days after the service thereof, exclusive of the day of service. If you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you.

Respectfully Submitted,

*[signature]*

Bonnie Travaglio Hunt
Hunt Law LLC
Federal Bar # 07760
SC Bar # 12341
Attorney for the Plaintiff
4000 Faber Place Drive, Suite 300, N. Charleston, 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509
bthunt@huntlawllc.com

*[signature]*

Peter Kaufman
Kaufman Labor & Employment Solutions, LLC
SC Bar #100144
295 Seven Farms Dr. Ste C-267
Charleston, SC 29492
(843)513-6062
pkaufmanlaw@gmail.com

May 22, 2019

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | C.A. No: 2019-CP-10-2697 |
| | ) | |
| KURT HOLLENSTEINER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | (JURY TRIAL REQUESTED) |
| THE BOEING COMPANY, | ) | |
| JAY MCARTHUR, and | ) | |
| JOHN WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

FILED 2019 MAY 22 AM 8:34 JULIE J. ARMSTRONG CLERK OF COURT

The Plaintiff, Kurt Hollensteiner, by and through his undersigned attorneys Bonnie Travaglio Hunt of Hunt Law LLC and Peter M. Kaufman of Kaufman Labor Employment Solutions, LLC, does hereby make the following claims and allegations:

## PARTIES AND JURISDICTION

1. The Plaintiff is a resident of Dorchester County, South Carolina. At all times employed with Boeing in Charleston County.

2. The Defendant, The Boeing Company (hereinafter referred to as Boeing) is a foreign corporation, which does business in, contracts in, and derives benefit from the laws of the State of South Carolina.

3. The Plaintiff, Kurt Hollensteiner, (hereinafter referred to as the Plaintiff) is a resident of the State of South Carolina.

4. The Defendant, Jay McArthur, is a resident of the State of South Carolina.

5. The Defendant, John Wilson, is a resident of the State of South Carolina.

6. All parties and events herein mentioned are within the jurisdiction of this Honorable Court.

7. This Court has jurisdiction over the parties and subject matter and venue is proper.

## FACTS

8. That the Plaintiff was hired by Boeing on February 11, 2007 with the title of Product/Repair Modification. The Plaintiff originally worked for Boeing Defense on the Charleston Air Force Base.

9. The Plaintiff transferred to Boeing Commercial in 2010. The Plaintiff was the first Flight Readiness Technician (FRT) hired at Boeing South Carolina.

10. The Plaintiff's last position was FRT's (Flight Readiness Technician).

11. That the Plaintiff was considered an exemplary employee during his employment at Boeing. The Plaintiff did not receive discipline while employed with Boeing up and until termination.

12. During the Plaintiff's employment he regularly served as a temporary Team Lead.

13. The Plaintiff was directly supervised by Operations K Level Manger Alton Owen. Owen reported directly to L Level Senior Manager John Wilson, who reported to M Level Manager Jay McArthur.

14. As an employee, the Plaintiff was very familiar with all policies and procedures of Boeing, Boeing. Included in those policies and procedures were safety requirements from the FAA. The Plaintiff was very familiar with all FAA policies regarding Safety requirements. Included in Boeing's policies was "Field Operations Foreign Object Debris and Damage Prevention", the purpose of the policy was "This business process

guide (BPG) describes a method used for the gathering of facts and data that are to be used to improve foreign object elimination."

15. During the Plaintiff's employment the Plaintiff regularly complained about different safety issues that occurred to Management.

16. In the Plaintiff's day to day work he was responsible for testing components, performing airworthiness inspections, pre-flight/flight inspections, and generally making sure that the plane was airworthy to fly after it comes off the assembly line.

17. The Plaintiff became a member of the union following the union election around March 2018. Prior to becoming a member, the Plaintiff signed the union card in support of the union.

18. The Plaintiff wore a red silicone union wristband with "IAM" on it to show his support for the union. The union representatives handed out the bands in August of 2018 and the Plaintiff wore his band 2 to 3 times a week. Union stewards wore badges on their collars or vests that showed their position. A quarter of the Flights Line Employees regularly wear the wristbands and hats in support of the union.

19. The red wrist bands were highly visible and could be seen by all management. Management regularly worked with the Plaintiff and saw the wrist band. The Plaintiff regularly discussed his support of the union on the Flight Line with other employees. The Plaintiff did not attempt to recruit employees to the Union but would regularly tell employees that he was previously a fence-sitter and had become a supporter of the Union when he realized how badly the Defendant, Boeing was treating its employees. The Plaintiff became a supporter of the Union to change the working environment because Boeing was taking advantage of its employees and treating the terribly.

20. In mid 2018, the Plaintiff and Jason Jones were tasked with changing a tire on an airplane in the Final Assembly Building. The tire that was to be placed on the airplane arrived on its side. Boeing is well aware of the danger of lifting a tire and placing it upright. Boeing has a lifting device in Everett for this specific action. Boeing has failed and refused to buy the lifting device for Charleston.

21. The Plaintiff and Jones lifted the tire. While lifting the tire Jones was severely injured. Boeing was well aware of the risk of injury and refused to protect its employee by buying the lifting device. After Jones injury Boeing made a strap system to connect to a forklift rather than spend the money to buy the lifting device. Boeing is a reactive company when it comes to safety, not a proactive Company.

22. Boeing has a program called the 5S program-sort, set in order, shine, standardize, sustain). The 5S sheets are to be stamped daily as it shows individual mechanics assigned work area. It is an important safety tool as it shows the safety of the airplane, safety of the airplane stall, cleanliness of the tool shed, cleanliness of break room, etc. Boeing fails and refuses to enforce the importance of this tool and fails and refuses to insist that it if followed. That I regularly complained about the failure of Boeing to utilize and enforce these important safety tools.

23. One of the duties of the Plaintiff was the rotating duty of "Tool Focal". A Tool Focal is responsible for inspecting tool boxes before and after shift to make sure that the tools for that shift are accounted for, etched properly with the stall label and are in good repair. Part of the process involves stamping a tool control inventory sheet. Tool Focal's are required to use a rubber and ink stamp with their BEMS ID number on it.

24. Employees who are responsible for tool focal are not paid extra for handling the duties and no one wants to perform the duties because of the level of work, responsibility and lack of pay. During the Plaintiff's employment in the middle of 2017, he volunteered to be a "Tool Focal." As a Tool Focal the Plaintiff reviewed eight forms each shift and would stamp off on each of them. Each sheet covered a full week of shifts. All sheets were kept in a binder. The Plaintiff served as Tool Focal until March of 2018. In March of 2018, Manager Alton Owens asked the Plaintiff to serve as Team Lead for Jason Jones while Jones was out on Workers Compensation. Since the Plaintiff would be a temporary Team Lead he would no longer be responsible for the duties of Tool Focal. During a meeting it was announced that the Plaintiff would no longer the Tool Focal. There was discussion and it was decided that Brad Millhouse would take over the duties. Mr. Millhouse refused to take on the duties and there was no further discussion. The Plaintiff understood that the Tool Focal duties would no longer be his because of the added responsibility of being the Team Lead.

25. If a Tool Focal was on vacation or in training, management is responsible for making sure that the tool logs are maintained. However, sometimes stamps are missed.

26. During the Plaintiff's 7 years of employment with Boeing, the Plaintiff was directed to "catch up" on 50 or more stamps on tool log sheets. The Plaintiff has also been directed to "catch up" 5S sheets which serve as task check off lists for things such as cleaning the stalls, cleaning the break room and safe-ing the airplanes. Management would occasionally hold "stamping parties" when an audit found some of the sheets out of compliance. Management would assign everyone a sheet in order to back-stamp the paperwork to make it look like things were in compliance.

27. The Plaintiff protested this practice regularly as it was not proper and violated policies and procedures. However, the Plaintiff complied in fear for losing his job.

28. Two weeks after being relieved of the duties of Tool Focal the Plaintiff was called into the back tool shed. The Plaintiff was greeted by M Level Superintendent Jay MacArthur, L Level Senior Manager Wilson and K Level Manager Alton Owen. An Audit had been performed and the forms had not been stamped by the Tool Focal. At this time McArthur informed Wilson that the stamps needed to be back in compliance. Wilson then told the Plaintiff "Kurt, I need you to get these stamps back into compliance." The Plaintiff informed Wilson that he did not feel comfortable back-stamping something that he did not inspect. Wilson Repeated, "Kurt I need you to get these stamps back into compliance." The Plaintiff hesitantly stated Ok, if you are telling me to do so. The Plaintiff back-stamped the two weeks' worth of sheets. Wilson thanked the plaintiff for doing the back-stamping and everyone dispersed.

29. That both McArthur and Wilson were aware that this action was a violation of policy and the FAA regulations. McArthur and Wilson were present and specifically instructed the Plaintiff to stamp the logs. The Plaintiff only stamped the log for fear of termination. The Plaintiff had no idea that McArthur and Wilson would later claim no knowledge of their instruction and terminate the Plaintiff for falsification of records.

30. In September of 2018, the Plaintiff heard Brad Millhouse discussing the fact that he was being investigated for not fulfilling his duties as Tool Focal and that Boeing was looking at giving him a CAM (Corrective Action) for his failure.

31. Shortly after hearing this conversation the Plaintiff was instructed by an email to attend a fact-finding meeting in Building 19. The Plaintiff attended the meeting in late

September. The Plaintiff arrived at the corporate investigator's office and was met by Fact Finder Matt l/n/u. The investigator asked the Plaintiff several questions regarding his stamping responsibilities and if he had ever served as a Tool Focal. The Plaintiff gave a statement. After giving his statement, the investigator presented the Plaintiff with the tool inventory sheets from March. The Plaintiff informed the investigator that those where his stamps, but he had been instructed to back-stamp those documents by his manager. The investigator informed the Plaintiff he would type up the statement for him to sign and get him on his way. The Plaintiff signed his statement and went back to work.

32. On October 10, 2018 the Plaintiff was informed that Manager Alton Owen had been terminated and walked out of the building. The Plaintiff had not heard anything else regarding any fact finding or Millhouse investigation from the time he provided his statement till October 10th. On October 16, 2018, Senior Manager John Wilson came to the Plaintiff's stall and told him that he needed the Plaintiff needed to come with him. The Plaintiff was not permitted to ask for a union steward. The Plaintiff was led to the Delivery Center, where L Level Manager Mike Muenow and a Human Resources Employee were waiting for the Plaintiff. At that time the Plaintiff was informed that his employment was terminated. The Plaintiff received a copy of his discharge notice which set forth that he was terminated for falsifying company records. At that time, the Plaintiff realized what was happening and informed all persons in to the room that if anyone should be fired it should be Wilson who instructed the Plaintiff to back-stamp the sheets. Wilson informed the Plaintiff he had no recollection of what he was talking about. The Plaintiff asked Muenow if there was anything he could do and Muenow informed the

Plaintiff there was nothing that he could do. Wilson asked the Plaintiff for his badge and the Plaintiff was escorted to his vehicle.

33. On October 16, 2018 John Wilson provided the Plaintiff a Employee Corrective Action Memo which stated Action Being Taken: Discharge, this memo is to inform you that you are not in compliance with the Expected Behaviors for all Boeing employees: It has been determined you falsified company compliance records. The Company deems this behavior to be unacceptable and in violation of Pro-1909 and the company's values, behaviors and expectations. John Wilson blatantly misrepresented facts and slandered the Plaintiff in order to procure his termination and allow the Plaintiff to be the escape goat for his own personal illegal activity of instructing the Plaintiff to falsify FAA documents in preparation for the FAA audit.

34. After his termination the Plaintiff called Alton Owens who informed the Plaintiff, he should fight his discharge through the ADR process. The Plaintiff's claim was denied.

35. The Plaintiff applied for unemployment compensation through the South Carolina Department of Employment and Workforce. The Plaintiff was approved for benefits after a hearing stating that the Plaintiff was discharged without cause.

36. That Boeing terminated the Plaintiff for his safety complaints regarding tool accountability, and his involvement in the union.

37. That as a direct and proximate result of Boeing's intentional and unlawful action of wrongfully terminating the Plaintiff, the Plaintiff has suffered lost wages, emotional damages, compensatory and consequential damages.

38. That the Plaintiff is entitled to an award of actual damages, compensatory, consequential, and punitive damages against Boeing for his unlawful suspension and termination.

39. That Boeing retaliated against the Plaintiff for reporting the violation of safe working conditions.

40. That Boeing willfully and wrongfully terminated the Plaintiff for reporting the safety concerns.

41. That the Plaintiff was terminated from his employment for his support of the union. That the Plaintiff has the right as an employee to support the union.

42. That Boeing terminated the Plaintiff in violation of a clear mandate of public policy and in violation of South Carolina Law. Boeing terminated the Plaintiff for his concerns regarding safety to include but not limited to Tool Accountability and Flight of planes without proper search for lost tools.

43. That as a direct and proximate cause of Boeing's wrongful termination of the Plaintiff, the Plaintiff:

    a. Suffered the loss of his job;

    b. Suffered the loss of benefits associated with his job;

    c. Suffered future lost wages and benefits;

    d. Suffered consequential and compensatory damages;

    e. Suffered emotional damages;

    f. Incurred attorney's fees and costs as a result of having to bring this action.

44. That the Plaintiff is entitled to an award of damages against Boeing for actual damages, consequential damages, punitive damages, attorney's fees, costs of this action and other damages, such as this Honorable Court deems appropriate and just.

**FOR FIRST CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF**

## PUBLIC POLICY

45. Paragraphs one (1) through thirty-nine (39) are hereby incorporated verbatim.

46. That Boeing wrongfully terminated the Plaintiff in violation of public policy when it terminated him because he reported the safety concerns and was a supporter of the union.

47. That, as direct and proximate result of Boeing's unlawful actions, the Plaintiff suffered significant damages to his reputation. The Plaintiff further suffered lost wages, lost benefits, emotional damages, compensatory damages, and consequential damages.

48. That the Plaintiff is entitled to recover an award against Boeing in the amount of actual, consequential, compensatory and punitive damages.

49. That Boeing terminated the Plaintiff in violation of a clear mandate of public policy and in violation of South Carolina Law.

50. That as a direct and proximate cause of Boeing's wrongful termination of the Plaintiff, the Plaintiff:

    a. Suffered the loss of his job;

    b. Suffered lost wages, the loss of his salary; and future increases thereof;

    c. Suffered the loss of benefits associated with his job;

    d. Suffered the loss of future benefits associated with his job;

    e. Suffered consequential economic damages as a result of the loss of his job;

    f. Embarrassment;

    g. Severe Emotional Distress

    h. Incurred attorney's fees and costs as a result of having to bring this action.

46. That the Plaintiff is entitled to an award of damages against Boeing for actual damages, consequential damages, punitive damages, attorney's fees, costs of this action and other damages, such as this Honorable Court deems appropriate and just.

## FOR A SECOND CAUSE OF ACTION

## TORTIOUS INTERFERENCE WITH A CONTRACT

## AGAINST JAY MCARTHUR AND JOHN WILSON

47. Paragraphs one (1) through 46 are hereby incorporated verbatim.

48. That the Plaintiff was an employee at will with the Defendant Employment at will is an inherent implied contract.

49. The Defendants, Jay McArthur and John Wilson were aware of the Plaintiff's contract for employment and intentionally interfered with that contract by providing false information.

50. That the Defendants, Jay McArthur and John Wilson specifically instructed the Plaintiff to stamp the logs in violation of the policies and procedures of the Defendant and the FAA. The Defendants, Jay McArthur and John Wilson then lied about their involvement and crucified the Plaintiff. The Plaintiff's professional integrity was decimated by the McArtur's and Wilson's misrepresentation and failure to admit culpability.

51. That the Plaintiff was terminated due to McArthur's and Wilson's interference with the Plaintiff's employment relationship with Boeing. McArthur and Wilson only ruined the Plaintiff in order to save their own positions.

52. That McArthur and Wilson intentionally interfered with the Plaintiff's Contract to procure the Breach of the Contract.

53. That the sole purpose of McArthur and Wilson was to harm the Plaintiff.

54. That McArthur and Wilson lacked justification to procure the breach.

55. That McArthur and Wilson are the direct and proximate cause of damage to the Plaintiff.

56. That the Plaintiff is entitled to damages from McArthur and Wilson, in the amount of actual, compensatory, and punitive damages.

## FOR A THIRD CAUSE OF ACTION

## NEGLIGENT SUPERVISION OF AN EMPLOYEE AGAINST

## BOEING

57. Paragraphs one (1) through seventy-one (71) are hereby incorporated verbatim.

58. That the Defendant, Boeing, negligently supervised its employees, McArthur and Wilson.

59. Boeing was fully aware of the instruction by McArthur and Wilson to the Plaintiff to stamp the records.

60. That the Defendant, Boeing, owed the Plaintiff a duty to protect the Plaintiff from the wrongful acts of its employees.

61. Boeing failed and refused to protect the Plaintiff and allowed McArthur and Wilson to terminate the Plaintiff employment with out justification. The Plaintiff only executed the logs because he was in fear of being terminated from his position.

62. That the Defendant, Boeing, breached the duty it owed to the Plaintiff by not properly supervising its employees.

63. That the negligent supervision of these employees caused the Plaintiff significant damages.

64. That Boeing had knowledge of the Defendants, Mcarthur and Wilson actions of making false statements regarding the employees in the union in order to have them terminated

from employment. However, Boeing failed and refused to protect its employees in order to have the union driven out of the South Carolina Plant.

65. That the Defendant is the proximate and direct cause of damages to the Plaintiff.

66. That the Plaintiff is entitled to an award of damages from the Defendant for their negligent supervision of their employees in the amount of actual, compensatory, and punitive damages.

## PRAYER FOR DAMAGES

WHEREFORE, the Plaintiff prays for an award of damages against Boeing in the amount of:

- A. Actual damages;
- B. Consequential damages;
- C. Compensatory
- D. Punitive damages;
- E. All other damages under South Carolina Law;
- F. Other damages such as this Honorable Court deems appropriate and just.

Respectfully Submitted,

_____
Bonnie Travaglio Hunt
Hunt Law LLC
Federal Bar # 07760
SC Bar # 12341
Attorney for the Plaintiff
4000 Faber Place Drive, Suite 300, N. Charleston, 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509
bthunt@huntlawllc.com


_____
Peter Kaufman
Kaufman Labor & Employment Solutions, LLC
SC Bar #100144
295 Seven Farms Dr. Ste C-267
Charleston, SC 29492
(843)513-6062
pkaufmanlaw@gmail.com

May 22, 2019